IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-00460-CNS-MDB

REVEREND PAUL ELDER and
THE CHRISTIAN GROWTH CENTER, INC.,

    Plaintiffs,

v.

THE CITY OF PUEBLO, COLORADO,

    Defendant.

## ORDER

Before the Court is Plaintiffs' Objection (ECF No. 41) to the United States Magistrate Judge's Recommendation (ECF No. 38) that the Court should deny Plaintiffs' "C.R.C.P 106(a)(4) Opening Brief and Request for Oral Argument" (the "Rule 106 Motion") (ECF No. 27). For the reasons set forth below, Plaintiffs' Objection is OVERRULED. The Magistrate Judge's Recommendation is AFFIRMED and ADOPTED. Accordingly, Plaintiffs' Rule 106 Motion is DENIED.

## I. BACKGROUND

The case's background is summarized in the Magistrate Judge's Recommendation (*see* ECF No. 38).[1] The Magistrate Judge recommended denying Plaintiffs' Rule 106 Motion on the grounds that the Zoning Board of Appeals of the City of Pueblo did not abuse its discretion in

---

[1] The Court incorporates the Magistrate Judge's summary into its Order.

1

denying Plaintiffs' appeal (*see, e.g., id.* at 13). Plaintiffs objected to the Magistrate Judge's Recommendation (ECF No. 41). Defendant subsequently filed its Response to Plaintiffs' Objection (ECF No. 44).[2]

## II. STANDARD OF REVIEW AND LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the

---

[2] Plaintiffs filed a Reply brief, which the Court struck on the grounds that Federal Rule of Civil Procedure 72(b) does not contemplate the filing of a Reply (*see* ECF No. 46).

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III. ANALYSIS

The Court has reviewed the Complaint, Plaintiffs' Rule 106 Motion, the Magistrate Judge's Recommendation, Plaintiffs' Objection, Defendant's Response, and the relevant legal authority. The Court addresses and rejects Plaintiffs' arguments in turn, overruling the Objection.

**A. Colorado Rule of Civil Procedure 106(a)(4)**

Plaintiffs contend that the Magistrate Judge erred because the Rule 106(a)(4) claim is a "proper procedure" for declaring that the Board violated their federal civil rights regardless of whether they seek damages under 42 U.S.C. § 1983 "for the same violation" (ECF No. 41 at 3). Rule 106(a)(4) relief for civil rights violations is not "precluded" when a plaintiff seeks monetary and declaratory relief, Plaintiffs' argument goes, and the Magistrate Judge incorrectly concluded otherwise (*id*. at 4-5). Defendant urges affirmance on the grounds that the Magistrate Judge properly determined that the Board did not abuse its discretion under Rule 106(a)(4), as well as

3

that it was not erroneous to bifurcate Plaintiffs' remaining claims from the Magistrate Judge's analysis of the Rule 106(a)(4) claim (*see, e.g.,* ECF No. 44 at 7-8). The Court agrees with Defendant.

Colorado Rule of Civil Procedure 106(a)(4) provides a cause of action where any "governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion." Rule 106(a)(4) is the "exclusive state remedy for challenging a decision concerning rezoning." *Sclavenitis v. City of Cherry Hills Vill. Bd. of Adjustment & Appeals*, 751 P.2d 661, 665 (Colo. App. 1988) (citation omitted). A Rule 106(a)(4) claim is available "for contesting a zoning decision when the entire zoning ordinance is not challenged and when record review of the county procedure provides an adequate remedy." *Sundheim v. Bd. of Cnty. Comm'rs of Douglas Cnty.*, 904 P.2d 1337, 1345 (Colo. App. 1995), *aff'd*, 926 P.2d 545 (Colo. 1996).

"C.R.C.P. 106(a)(4) review is limited to consideration of whether the lower tribunal has exceeded its jurisdiction or abused its discretion." *Wilson v. Town of Avon*, 749 P.2d 990, 992 (Colo. App. 1987) (citation omitted); *see also* C.R.C.P. 106(a)(4). "An agency abuses its discretion if its decision is not reasonably supported by any competent evidence in the record or if the agency has misconstrued or misapplied applicable law." *Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 303 P.3d 131, 138 (Colo. App. 2012) (citation omitted); *see also Eason v. Bd. of Cnty. Comm'rs of Cnty. of Boulder*, 70 P.3d 600, 609 (Colo. App. 2003) ("In determining whether an agency has abused its discretion, the court may consider whether the agency misconstrued or misapplied the applicable law." (citation omitted)). "No competent evidence" means that the quasi-judicial body's decision is "so devoid of evidentiary support that it can only be explained as an arbitrary and

capricious exercise of authority." *Van Sickle v. Boyes*, 797 P.2d 1267, 1272 (Colo. 1990) (quotations omitted). Administrative proceedings are "accorded a presumption of validity" and courts resolve all "reasonable doubts as to the correctness of administrative rulings" in favor of an agency's determination. *Id.* (citation omitted).

Plaintiffs contend that the Magistrate Judge erred because she determined that "Rule 106 is the *only* remedy available when a plaintiff seeks only declaratory relief for a violation of civil rights, but that Rule 106 relief *is barred* when a plaintiff seeks damages in addition to declaratory relief" (ECF No. 41 at 5 (original emphasis)). Plaintiffs make essentially the same argument later in their Objection: "The [R]ecommendation . . . asserts that, because [§ 1983] and RLUIPA" provide alternative remedies, "Rule 106(a)(4) is not available for [Plaintiffs] to obtain a declaration of rights" (*id.* at 6). Plaintiffs proceed from a faulty premise. The Magistrate Judge did not categorically determine that Rule 106(a)(4) relief was "barred" or "unavailable" to Plaintiffs based on the relief they seek under § 1983. Instead, the Magistrate Judge simply determined that bifurcating an analysis of Plaintiffs' Rule 106(a)(4) and § 1983 claims was appropriate given, for instance, that the district court judge previously assigned to this action bifurcated Plaintiffs' § 1983 and RLUIPA claims from the Rule 106(a)(4) claim, as well as that Plaintiffs' request for monetary relief was "presumably tied" to the separate and bifurcated § 1983 and RLUIPA claims, and therefore those claims "need not be collapsed into the [Rule 106(a)(4)] analysis" (ECF No. 38 at 10-11).

As Defendant argues, this reasoning—and the Magistrate Judge's analysis of Plaintiffs' Rule 106(a)(4) claim—is wholly consistent with Colorado law (*see* ECF No. 44 at 6-8). Under Colorado law, plaintiffs may plead § 1983 and Rule 106(a)(4) claims in the same action when an

5

alleged federal constitutional injury arises from a zoning decision. *See, e.g., Sclavenitis*, 751 P.2d at 665. However, because Rule 106 "does not provide for a remedy in damages, a separate 42 U.S.C. § 1983 [claim] based upon alleged violations of federal constitutional rights may be maintained" when a plaintiff seeks monetary relief for the alleged constitutional violations. *Sundheim*, 904 P.2d at 1345 (citation omitted); *see also Luck v. Bd. of Cnty. Comm'rs of Cnty. of Clear Creek*, 789 P.2d 475, 477 (Colo. App. 1990). The Magistrate Judge's conclusion that Plaintiffs' § 1983 and RLUIPA claims "need not be collapsed into" the Rule 106(a)(4) analysis based on the nature of the relief sought resulted in the Magistrate Judge conducting an analysis of Plaintiffs' Rule 106(a)(4) claim "independent of . . . the merits of [the] § 1983 and RUILPA claims" (ECF No. 38 at 10-11). In conducting this analysis, the Magistrate Judge did not prohibit Plaintiffs from proceeding with their § 1983 or RLUIPA claims (*see id.*). Instead, she simply separated those claims from Plaintiffs' Rule 106(a)(4) claim—as instructed by the Court's prior bifurcation order (*see* ECF No. 19).[3] And the Magistrate Judge made clear throughout her Recommendation that "the only question before the Court . . . is whether the Board's denial of the [Plaintiffs'] appeal should be set aside" pursuant to Rule 106(a)(4), and that she was "addressing only those claims that have not been bifurcated and stayed"—i.e., the Rule 106(a)(4) claim (ECF No. 38 at 11, 13).

---

[3] Plaintiffs argue that the bifurcation order contemplated that the Court would rule on the Board's alleged violation of Plaintiffs' civil rights while adjudicating the Rule 106(a)(4) claim (ECF No. 41 at 7). According to Plaintiffs, the bifurcation order is "based" on the parties' bifurcation motion (*see id.*). However, the parties' bifurcation motion stated that ruling on the Rule 106 claim "would have the *potential* to dispose of the liability portion" of Plaintiffs' § 1983 claims (ECF No. 19 at 3 (emphasis added)). The Court does not read the bifurcation motion—or the fact that the Court based its bifurcation order on the motion's arguments—as requiring the Magistrate Judge to address the § 1983 claims at the same time she addressed the Rule 106(a)(4) claim.

Indeed, the *sequence* of the Magistrate Judge's analysis and her reasoning for first analyzing the Rule 106(a)(4) claim is consistent with the principle that "relief under both § 1983 and C.R.C.P. 106 is compatible in the same case." *Rogers v. Bd. of Trustees of Town of Fraser*, 859 P.2d 284, 291 (Colo. App. 1993) (citation omitted). Analyzing claims separately or in a specific order does not mean they are incompatible. *Cf id.* And nothing under Colorado law prohibited the Magistrate Judge from analyzing Plaintiffs' claims in the sequence set forth in the bifurcation order, or analyzing Plaintiffs' Rule 106(a)(4) claim "independently" from Plaintiffs' other claims, even though Plaintiffs seek both injunctive and monetary relief under § 1983. *See also Luck*, 789 P.2d at 477 (concluding that "*regardless* of the state of the [Rule 106(a)(4)] action, [the] plaintiff's complaint sufficiently stated a [§ 1983] claim . . . which provides an *independent federal remedy* for challenging rezoning actions if . . . a plaintiff seeks money damages" (citations omitted) (emphasis added)); *Sundheim*, 904 P.2d at 1345 ("[A] separate action under 42 U.S.C. § 1983 may be brought regardless of the status of any C.R.C.P. 106(a)(4) action." (citation omitted)).

Fundamentally, even though § 1983 claims for declaratory relief may be merged into Rule 106(a)(4) claims, *see Higby v. Bd. of Cnty. Comm'rs of El Paso Cnty.*, 689 P.2d 635, 638 (Colo. App. 1984), nothing prohibited the Magistrate Judge from analyzing the merits of Plaintiffs' § 1983 claim separately from the Rule 106(a)(4) claim because they sought declaratory *and* monetary relief, given especially that the parties filed an unopposed motion to bifurcate the proceedings in the way the Magistrate Judge did. For these reasons, the Court disagrees with Plaintiffs that the Magistrate Judge erred in her analysis of Plaintiffs' Rule 106(a)(4) claim.

### B. Due Process

Plaintiffs argue the Magistrate Judge inconsistently "reached the merits" of their argument that the Board violated their due process rights by "receiving *ex parte* oral argument from the prosecuting attorney" (ECF No. 41 at 6; *see also id*. at 12). Defendant contends that the Magistrate Judge properly recommended dismissal of the Board's alleged procedural due process violation (ECF No. 44 at 10).

The Court agrees that the Magistrate Judge addressed the Board's closed-door executive session and the attorney's "closed-door communication" (*see* ECF No. 38 at 14). The Magistrate Judge did so in determining whether the Board "abuse[d] its discretion" by entering into executive session (*id*.). According to the Magistrate Judge, neither the Board's decision to enter executive session, "nor Mr. Kogovsek's presence in executive session, g[ave] rise to an abuse of discretion finding" (*id*. at 16 (emphasis added)). Therefore, the Court rejects Plaintiffs' argument that the Magistrate Judge reached the merits of their § 1983 or RUILPA claims in her discussion of the Board's executive session. The Magistrate Judge only discussed the executive session and any *ex parte* communication to the extent they constituted an abuse of discretion under Rule 106(a)(4). The Magistrate Judge did not reach the merits of Plaintiffs' due process claims in her analysis of the Board's executive session or the *ex parte* communication.

This analysis is consistent with the Magistrate Judge's earlier statement that her Recommendation considered the Board's decision "for the limited purpose of determining whether [it] abused its discretion . . . independent of, and without regard to, the merits of" the § 1983 and RUILPA claims (*id*. at 10). The Magistrate Judge reiterated in her Recommendation that she was only addressing the Rule 106(a)(4) claim, and in so doing found that the Board did not abuse its

8

discretion when it denied Plaintiffs' appeal (*see id.* at 13). Accordingly, the Court rejects Plaintiffs' argument that the Magistrate Judge "simultaneously" stated that two of Plaintiffs' civil rights claims "could not be considered under Rule 106 (RLUIPA and Free Exercise), but then reach[ed] the merits of" the due process claim (ECF No. 41 at 12). This argument rests on a flawed interpretation of the Recommendation, and the Court declines to endorse it.[4]

\* \* \*

The question presented before the Magistrate Judge was straightforward: "The only question before the Court . . . is whether the Board's denial of the [Plaintiffs'] appeal should be set aside, pursuant to [Rule] 106(a)(4), for abuse of discretion" (ECF No. 38 at 11). Plaintiffs fail to persuade that the Magistrate Judge erred in recommending that the Court should deny Plaintiffs' Rule 106(a)(4) Motion on the grounds that Plaintiffs did not show that the Board abused its discretion (*see id.* at 11, 17). Ultimately, the Court agrees with the Magistrate Judge that Plaintiffs are advancing "RLUIPA and § 1983 . . . substantive federal law argument[s] dressed up as an 'abuse of discretion'" argument (ECF No. 38 at 13-14). And—in the Court's review of the Magistrate Judge's analysis of the bifurcated Rule 106(a)(4) claim—the Court fails to discern any error in the Magistrate Judge's abuse-of-discretion review of the Board's decision to deny Plaintiffs' appeal. For these reasons, the Court need not address Plaintiffs' arguments regarding the *merits* of their remaining, bifurcated claims (*see* ECF No. 41 at 10-16).

---

[4] Plaintiffs appear to argue that if the Court concludes that their civil rights claims "preclude" their Rule 106 claim, then "that should be true for [the] procedural due process claim, too" (ECF No. 41 at 16 n.3). This apparent argument, like many of Plaintiffs' arguments, misreads the Magistrate Judge's Recommendation. The Magistrate Judge's analysis of Plaintiffs' Rule 106(a)(4) did not "preclude" Plaintiffs' ability to pursue their remaining claims, including their due process claim.

### C. Leave to Amend

Plaintiffs seek leave to amend to "drop [their] request for damages" (ECF No. 41 at 8). According to Plaintiffs, they should be granted leave to drop their damages request so that "the merits of the Board's decision on the [Plaintiffs'] RLUIPA and constitutional rights" may be addressed (*id.* at 9). The Court denies Plaintiffs' request for leave to amend without prejudice. After reading the Court's analysis, Plaintiffs may—if they choose to do so—file a separate motion for leave to amend.

## IV. CONCLUSION

Consistent with the above analysis, the Magistrate Judge's Recommendation (ECF No. 38) is AFFIRMED and ADOPTED as an Order of this Court. Plaintiffs' Objection (ECF No. 41) is OVERRULED. Accordingly, Plaintiffs' Rule 106 Motion (ECF No. 27) is DENIED.

DATED this 28th day of February 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge